IN THE COURT OF COMMON PLEAS OF BELMONT COUNTY, OHIO

COMMON PLEAS COURT
BELMONT CO. OH.
2017 MAY 25 AM 11 54
DAVID G. T*OUTEN JR.
CLERK OF COURT

| | |
|---|---|
| THOMAS M. AYERS and <br> ASHLEY D. AYERS, <br> 52063 Wegee Road <br> Jacobsburg, OH 43933-9723 <br><br> Plaintiffs, <br><br> vs. <br><br> STATE FARM MUTUAL AUTOMOBILE <br> INSURANCE COMPANY, <br> 2710 Gateway Oaks Drive, Suite 150N <br> Sacramento, CA 95833 <br><br> Defendant. | Case No. 17CV192 <br><br> Judge John A. Vavra <br><br> COMPLAINT WITH JURY <br> DEMAND ATTACHED |

NOW COME the Plaintiffs, Thomas M. Ayers and Ashley D. Ayers, who for their Complaint against the Defendant, State Farm Mutual Automobile Insurance Company, states as follows:

1. The plaintiffs, Thomas M. Ayers and Ashley D. Ayers, are husband and wife, and they reside together in Jacobsburg, Belmont County, Ohio.

2. The defendant, State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") is an Illinois corporation, licensed to conduct business in the State of Ohio and is authorized to issue polices of insurance in the State of Ohio.

3. At all relevant times, the plaintiffs were joint owners of a 2012 Dodge Ram 2500 pickup truck which was principally garaged at their home in Jacobsburg, Belmont County, Ohio.



**BORDAS AND BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

4. The defendant, State Farm, issued a policy of automobile insurance to the plaintiffs covering plaintiffs' 2012 Dodge Ram 2500 truck, Policy Number 9222380-B12-35A, with a policy period of August 12, 2016 through February 12, 2017.

5. A copy of the policy referenced in Paragraph 4 above is not attached to this Complaint inasmuch as the defendant, State Farm is already in possession of the same.

6. All premiums due and owing on the policy referred to in Paragraph 4 above were paid in a timely fashion and the policy was in full force and effect throughout the policy period of August 12, 2016 through February 12, 2017.

7. On or about December 9, 2016, the plaintiffs' 2012 Dodge Ram 2500 pickup truck was vandalized which vandalism caused extensive damage to the truck's fuel system and engine.

8. The plaintiffs presented a prompt and timely claim to the defendant, State Farm, for the vandalism damage to their 2012 Dodge Ram 2500 truck.

9. Thomas and Ashley Ayers have complied with all requirements and policy provisions included in the policy of insurance referenced in Paragraph 4 above.

10. State Farm, illegitimately, intentionally and without reasonable justification, refused to pay for the repairs needed as a result of the vandalism damage to the plaintiffs' 2012 Dodge Ram 2500 truck.

11. The plaintiffs, Thomas and Ashley Ayers, are entitled, pursuant to the policy of insurance issued to them by State Farm, to recover all costs necessary to repair the vandalism damage to their 2012 Dodge Ram 2500 truck.

12. State Farm, by and through its agents, representatives and employees, failed to undertake a fair, adequate and objective investigation of the vandalism damage claim presented by the plaintiffs and illegitimately and unjustifiably refused to consider and, indeed, ignored competent evidence demonstrating that the plaintiffs' vandalism claims were legitimate and should be paid.

13. State Farm, by and through its agents, representatives and employees, breached the implied covenant of good faith and fair dealing inherent in the policy of insurance it issued to Ashley Ayers and Thomas Ayers in connection with its investigation, adjustment, handling, negotiation and illegitimate refusal to pay in full, all amounts due the plaintiffs as a result of the vandalism damage to their 2012 Dodge Ram 2500 truck, which investigation, adjustment, handling, negotiation and refusal were made under circumstances that did not furnish a reasonable justification therefor.

14. As a direct and proximate result of State Farm's intentional and/or reckless conduct regarding the plaintiffs' claim as alleged herein, the plaintiffs were severely annoyed, inconvenienced and aggravated.

15. As a direct and proximate result of State Farm's intentional and/or reckless conduct regarding the plaintiffs' claim as alleged herein, the plaintiffs were compelled to hire an attorney and, therefore, have incurred and will continue to incur attorney fees, costs and other expenses.

16. As a direct and proximate result of State Farm's intentional and/or reckless conduct regarding the plaintiffs' claim as alleged herein, the plaintiffs have suffered emotional distress, mental anguish, inconvenience, annoyance, embarrassment and other general damages.

17. State Farm's conduct in the handling of the claims presented by Thomas Ayers and Ashley Ayers was intentional and exhibited a conscious disregard for the rights of Mr. and Mrs. Ayers which conduct had a great probability of causing them substantial harm.

18. State Farm's breach of the implied covenant of good faith and fair dealing, as alleged herein, was done with a state of mind characterized by ill will and/or a spirit of revenge and/or with conscious disregard for the plaintiffs' rights that had a great probability of causing them substantial harm.

19. The acts and/or omissions of the defendant, State Farm, by and through its agents, representatives and/or employees, were reprehensible and were done willfully, maliciously and/or with a conscious disregard for the plaintiffs' rights, and were so outrageous that the plaintiffs are entitled to recover punitive damages in order to punish State Farm and in order to deter it, and others, from engaging in similar conduct in the future.

WHEREFORE, the plaintiffs, Thomas Ayers and Ashley Ayers, demand judgment against the defendant, State Farm Mutual Automobile Insurance Company, for compensatory damages for all contractual benefits to which they are entitled to pay for the repairs necessitated as a result of the vandalism of their truck and as well compensatory damages in an amount in excess of $25,000 and for punitive damages in an amount in excess of $25,000, for costs incurred in pursuit of this action and for such other relief as this court deems proper.

4

## A TRIAL BY JURY IS DEMANDED ON ALL ISSUES

THOMAS M. AYERS AND ASHLEY D. AYERS, Plaintiffs,

By: _____

SCOTT S. BLASS  0062556
BORDAS & BORDAS, PLLC
1358 National Road
Wheeling, WV  26003
Telephone: (304) 242-8410
Email: SBlass@Bordaslaw.com
Counsel for Plaintiffs

State of Ohio
Belmont County
David S. Trouten Jr, Clerk of Courts, do hereby certify that the above is a true and correct copy of the original on file in this office.

David S. Trouten Jr, Clerk of Courts
By _____ Deputy

5